# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sergey Repeshchuk,

Plaintiff,

Civ. No. 07-2017 (RHK/AJB)
**ORDER**

v.

Alberto Gonzales, *et al..,*

Defendants.

Matthew M. Armbrecht, Guzior Armbrecht Maher, Minneapolis, Minnesota, for Plaintiff.

Mary Jo Madigan, Assistant United States Attorney, Minneapolis, Minnesota, for Defendants.

This matter is before the Court on Plaintiff's Motion for an Order to Show Cause why Defendants should not be held in contempt.

This action arises out of Plaintiff's application for naturalization, which has been pending for over four years because an FBI name check required under 8 C.F.R. § 335.2(b) has not yet been completed. By Order dated August 15, 2007 (Doc. No. 13), the Court remanded this case to the Bureau of Citizenship and Immigration Services ("CIS") and directed it to adjudicate Plaintiff's application "as expeditiously as possible." (8/15 Order at 9.) The Court further ordered CIS to "report to this Court every 60 days, with specificity (attaching relevant documents as appropriate), the status of [Plaintiff's] name check and Defendants' efforts to obtain the results thereof." (Id.)

On October 16, 2007, Plaintiff moved the Court for an Order to Show Cause why

Defendants should not be held in contempt.  Plaintiff argued in his Motion that 63 days had

passed since the Court issued its Order and that CIS had not provided the required update to

the Court regarding the status of Plaintiff's name check.  Plaintiff also argued that

Defendants were not acting expeditiously to complete the name check and adjudicate his

application.  On the same day that Plaintiff filed his Motion, CIS filed its update, indicating

that it had requested that the FBI expedite the name check and that it was awaiting the FBI's

results of the same.[1]

Based on the foregoing, the Court does not believe that a finding of contempt is

warranted at this time.  First, the sixty-day deadline expired on October 14, 2007, a Sunday.

Accordingly, CIS's update to the Court was due the following day, October 15, 2007.  See

Fed. R. Civ. P. 6(a).  Although CIS filed its update one day beyond that deadline, the Court

does not believe that this *de minimis* violation warrants the stern sanction of contempt.

Moreover, there is no dispute that on October 10, 2007, CIS requested that the FBI

expedite Plaintiff's name check.  This is inconsistent with any willful or intentional

disobedience of the Court's August 15 Order on CIS's part.[2]

---

[1] The relationship between CIS and the FBI is by contract, see Antonishin v. Keisler, No. 06-CV-2518, 2007 WL 2788841, at *1 (N.D. Ill. Sept. 20, 2007), which limits CIS to 100 expedite requests per week (Applebaum Decl. ¶ 4).

[2] To the extent Plaintiff argues that the Court enjoys the authority to order the FBI to expedite the name check because it has been named a defendant in this action, he is incorrect.  See, e.g., Konchitsky v. Chertoff, No. C-07-294, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007) (collecting cases holding that courts lack jurisdiction to compel FBI to complete name checks).  The most the Court can do is Order *CIS* to expedite Plaintiff's naturalization application; adjudicating that application remains dependent upon the completion of the name check by the FBI.  Id.  Nothing in the Court's prior Order in this case should be interpreted otherwise.  (See 8/15 Order at 9 (ordering *CIS* to adjudicate Plaintiff's Application as expeditiously as possible.)  Indeed, any contrary conclusion

For these reasons, Plaintiff's Motion for an Order to Show Cause (Doc. No. 14) is

**DENIED.**[3]


Dated: November  1 , 2007                                    s/Richard H. Kyle
                                                             RICHARD H. KYLE
                                                             United States District Judge

---

would undermine one of the Court's express reasons for remanding this matter to CIS:  to prevent others from "'flood[ing] the system' with similar actions in an attempt to 'jump the line.'" (Id. at 8.)

   [3] The Motion is denied without prejudice, in the event that Defendants fail to comply with the August 15 Order in the future.